Order declaring invalid and of no force and effect the nominating petition of appellant for the office of State Senator from the Fourteenth Senatorial District for the County of Kangs, on the Liberal Party ticket, denying his prayer for other relief, and dismissing his petition, affirmed, without costs. No opinion. Leave to appeal to the Court of Appeals is granted. Lewis, P. J., Hagarty and Adel, JJ., concur; Carswell and Johnston, JJ., concur insofar as leave to appeal to the Court of Appeals is granted, but otherwise dissent with the following memorandum: When each elector or qualified voter signed the so-called Naphtali petition he exercised two rights: The right to name a candidate and the right to name a committee on vacancies to act for him, if, perchance, the named candidate declined (which attitude he could not *803 know in advance). When Naphtali declined, the elector’s desires were confined to having the committee on vacancies act for him. The Board of Elections, when called upon to act, had before it a petition without a candidate, until the committee on vacancies acted and named a candidate. As that candidate had on file other petitions with signatures of qualified voters or electors, the signatures on such petitions are properly counted in connection with the signatures of the so-called or former Naphtali petition. The electors’ rights or desires are supreme and should be safeguarded. They should be given effect and a realistic view taken of the situation arising during the period when petitions were being signed. Such rights of more than four thousand electors (three thousand being sufficient in this instance) should not be frustrated by narrow construction. “The facts in Re Garside (Winters), supra [265 N. Y. 606], so far as pertinent * * * reveals, that two candidates named Garside and Winters were designated in Petition I under the Fusion Party emblem. They were also designees in petition II under the Republican Party emblem. Petition I and II respectively had an insufficient number of signatures. Collectively there was a sufficient number. There were two different committees on vacancies. Winters withdrew his candidacy. Both committees on vacancies designated the remaining candidate Garside on both petitions.” (Abrahams’ New York Election Law Manual [1939 ed.], p. 52;.see, also, Gassman on Direct Primary Law, § 50.) The act of Winters was precisely identical with the act of Naphtali in the instant case, each of whom withdrew his candidacy. Hence the Garside case (supra) requires a reversal herein. The order should be reversed and the motion granted. [187 Mise. 766.]